NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 4 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LINDA FURST MAYNE, AKA Linda
Furst Mayne,

Plaintiff - Appellant,

v.

FRAZER RYAN GOLDBERG &
ARNOLD, LLP; JOHN R. FITZPATRICK;
T.J. RYAN; JAMES W. RYAN; JOSHUA
MOYA; BARBARA BERMAN;
MARILYN CAGE,

Defendants - Appellees.

No. 25-5540

D.C. No.
4:25-cv-00323-KAW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Kandis A. Westmore, Magistrate Judge, Presiding

Submitted July 31, 2026[**]

Before: WARDLAW, BADE, and JOHNSTONE, Circuit Judges.

Linda Furst Mayne appeals pro se the district court's dismissal of her

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

complaint for lack of jurisdiction. We have jurisdiction under 28 U.S.C. § 1291, and we review de novo. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (dismissal under the *Rooker-Feldman* doctrine).

1.      The district court erred in dismissing Mayne's claims for lack of jurisdiction under the *Rooker-Feldman* doctrine. Mayne complains "of a legal injury caused by an adverse party," as opposed to a "legal injury caused by a state court judgment." *Miroth v. County of Trinity*, 136 F.4th 1141, 1148 (9th Cir. 2025) (quoting *Noel*, 341 F.3d at 1163). Accordingly, *Rooker-Feldman* does not preclude the exercise of jurisdiction. *Id.*

2.      Nonetheless, we affirm the district court's judgment because Mayne's claims are time-barred. *See Hooks v. Kitsap Tenant Support Servs., Inc.*, 816 F.3d 550, 554 (9th Cir. 2016) (explaining that "we may affirm on any ground supported by the record" when reviewing a district court's dismissal of an action under Rule 12(b)(1)). Although Mayne frames her injury as a breach of contract, the gravamen of her complaint is that Defendants were negligent in rendering their professional services in July 2019. *See Collins v. Miller & Miller, Ltd.*, 943 P.2d 747, 755 (Ariz. Ct. App. 1996) (stating that a breach of contract action "cannot be maintained if the contract merely requires generally that the professional render services"). Mayne's claims are thus subject to Arizona's two-year limitations

period.[1]  *See* Ariz. Rev. Stat. § 12-542; *Keonjian v. Olcott*, 169 P.3d 927, 930

(Ariz. Ct. App. 2007) (stating that "claims for professional malpractice are

generally tort claims" that are subject to the two-year limitations period).  Because

Mayne did not file her complaint until January 2025, her claims are barred by the

statute of limitations, and amendment would be futile.[2]  *See Deutsch v. Turner

Corp.*, 324 F.3d 692, 718 n.20 (9th Cir. 2003).

   **AFFIRMED**.

---

[1] We assume without deciding that Arizona law applies because the parties agree that Arizona law governs, and the outcome would not change if we instead applied California law.  *See* Cal. Civ. Proc. Code § 340.6(a) (stating that a legal malpractice action "shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first"); *Lee v. Hanley*, 354 P.3d 334, 341–42 (Cal. 2015) (concluding that "section 340.6(a)'s time bar applies to claims whose merits necessarily depend on proof that an attorney violated a professional obligation in the course of providing professional services").

[2] While Mayne asserts other "breach[es] of contract" with respect to the arbitration proceedings following the failed guardianship in 2019, her relationship with Defendants terminated in September 2019.  Defendants cannot be liable for legal malpractice based on conduct that occurred after the attorney-client relationship ended, as Defendants no longer owed "a continuing duty" to Mayne. *See In re Weiner*, 586 P.2d 194, 197 (Ariz. 1978) (in banc); *Glaze v. Larsen*, 83 P.3d 26, 29 (Ariz. 2004) (en banc).

25-5540